Jonathan D. Miller (Bar No. 220848)
jonathan@nshmlaw.com
Alison M. Bernal (Bar No. 264629)
alison@nshmlaw.com
NYE, STIRLING, HALE & MILLER, LLP
33 West Mission Street, Suite 201
Santa Barbara, California 93101
Telephone: (805) 963-2345
Facsimile: (805) 284-9590

Attorney for Defendants, THE CITY OF LOMPOC and
HARRY HEIDT

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL ALCOX,<br><br>             Plaintiff,<br><br>    v.<br><br>THE CITY OF LOMPOC, ET AL.,<br><br>             Defendants. | CASE NO.: 5:17-cv-00507-JVS-JEMx<br>*Assigned to the Hon. James V. Selna, Courtroom 10C – Santa Ana*<br><br>**NOTICE OF MOTION AND MOTION FOR GOOD FAITH SETTLEMENT**<br><br>DATE: September 14, 2020<br>TIME:  1:30 p.m.<br>CTRM.: 10C (Santa Ana)<br><br>Current Trial Date: Not set |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

　　　PLEASE TAKE NOTICE that on September 14, 2020, at 1:30 p.m., before the Honorable James V. Selna in Courtroom 10C of the Santa Ana Courthouse, 411 West 4th Street, Santa Ana, CA 92701, Defendants The City of Lompoc and Harry Heidt, (collectively "the City Defendants") will and hereby do move this Court in accordance with the provisions of California Code of Civil Procedure § 877.6, subdivision (a)(2) for a determination that the settlement with Plaintiff, Joel Alcox, was entered into in good faith. The City Defendants further request an Order that any pending and/or future claims for equitable contribution and/or indemnity, or

1  total, partial comparative indemnity and/or contribution, or otherwise against City
2  Defendants based on comparative negligence, comparative fault and/or otherwise
3  are hereby dismissed and forever barred.
4      The application is made on the grounds the settlement is made in good faith
5  within the meaning of § 877.6, *et seq.*, for fair and reasonable consideration for
6  compromise, release, and waiver of claims stated herein, and satisfies the standards
7  set forth by the California Supreme Court in *Tech-Bilt Inc. v. Woodward-Clyde &*
8  *Associate*, 38 Cal.3d 488 (1985). The City of Lompoc and Plaintiff has agreed in
9  good faith to resolve the claims against the Defendant City of Lompoc in exchange
10 for payment of $2,000,000.00. This settlement includes a dismissal of former City
11 employee, Harry Heidt, with prejudice. This settlement is contingent upon the Court
12 issuing an order determining the settlement between Plaintiff and the City
13 Defendants was in good faith pursuant to California Code of Procedure § 877.6, *et*
14 *seq.*, and approval from the Lompoc City Council. In return, Plaintiff has agreed to
15 file a dismissal with prejudice in the above-entitled action as to the City of Lompoc
16 and Harry Heidt.
17     This application is based upon this Notice, the attached Memorandum of
18 Points and Authorities, and the complete files and records of this action, and if
19 necessary, upon such oral and documentary evidence as may be presented at the
20 time of any hearing on this matter.

21 Dated: August 10, 2020        NYE, STIRLING, HALE & MILLER, LLP

23                               By:   */S/ Jonathan D. Miller*
                                   Jonathan D. Miller, Esq.
24                                    Alison M. Bernal, Esq.
                                   Attorney for Defendants, THE CITY OF LOMPOC and HARRY HEIDT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants The City of Lompoc and Harry Heidt (collectively, "the City Defendants"), move this Court for (1) an order finding the City Defendants' settlement with Plaintiff, Joel Alcox (collectively referred to as the "settling parties"), in this matter was made in good faith, (2) an order dismissing all pending claims against the City of Lompoc and Harry Heidt, and (3) an order barring any future claims against the City Defendants for equitable comparative contribution and/or indemnity, and/or partial or comparative indemnity and/or contribution, based on comparative negligence, comparative fault and/or otherwise. See, Calif. Code of Civ. Proc., § 877.6(a)(2), *et seq*.

As set forth further below, on August 7, 2020 the settling parties executed a conditional settlement and release agreement following a two-day private mediation and four prior settlement conferences. The agreement essentially provided that the City of Lompoc would pay $2,000,000.00 in exchange for Plaintiff's complete dismissal of this action, with prejudice, and release of all claims, known and unknown, against the City of Lompoc and Harry Heidt. However, the agreement was conditional upon the following two conditions: 1) this Court's determination of a good-faith settlement agreement; and, 2) Lompoc City Council's approval of the settlement agreement. Accordingly, the City Defendants submit this application in an effort to satisfy one of two conditions required to be fulfilled in accordance with the terms of the conditional settlement agreement.

Based on the foregoing, the City Defendants respectfully request this Court grant their application, finding the parties' settlement agreement was reached in good-faith barring any future claims against the City of Lompoc or Harry Heidt for equitable comparative contribution and/or indemnity, and/or partial or comparative indemnity and/or contribution, based on comparative negligence, comparative fault and/or otherwise.

## II. STATEMENT OF FACTS

The Court is well aware of the factual allegations underlying this matter. In the interest of brevity, the City Defendants have included a brief overview of relevant allegations pertaining to the settling parties to assist in ruling on this motion.

It should be noted, however, that the settling parties reached this agreement after completing all fact and expert discovery, following this Court's ruling on summary judgment, and while the City and County Defendants' respective appeals to the Ninth Circuit were pending. The appeals highlighted a disputed legal issue – whether Heidt and Ast are entitled to qualified immunity on Plaintiff's § 1983 claim. Further, all parties had expert witnesses that disputed the issues of causation and/or damages. The parties had competing expert witnesses in the fields of police practices, interrogations, and economics. In sum, the settling parties reached a final agreement in this matter following a significant amount of discovery, various contested legal issues still unresolved by the Ninth Court, and the anticipated cost of producing numerous expert witnesses at trial.

### A. Background Facts

Joel Alcox served over 25 years in jail for the 1986 murder of Thakorbhai Patel at the Lompoc Motel. In 2016, the Court granted Plaintiff's petition for habeas corpus, overturning his conviction. The Court granted the habeas petition on the ground that Plaintiff received ineffective assistance of counsel in violation of his Sixth Amendment rights.

On March 17, 2017, Plaintiff filed his complaint in the Central District of California. Plaintiff filed the operative Fourth Amended Complaint on August 24, 2018. The FAC names four defendants: the City of Lompoc, Sergeant Harry Heidt, the County of Santa Barbara, and County investigator Ken Ast. The SAC contains four causes of action: (1) Violation of Civil Right (42 U.S.C. § 1983, Deprivation of Liberty) as to Heidt and Ast; (2) Violation of Civil Rights (42 U.S.C. § 1983,

Malicious Prosecution) as to Heidt and Ast; (3) Violation of Civil Rights (42 U.S.C. § 1983, Conspiracy) as to Heidt and Ast; and, (4) Violation of Civil Rights (42 U.S.C. §§ 1983, 1988, *Monell* Claim), as to the City and County.

Following motions to dismiss and a later motion for reconsideration, there were four remaining claims: (1) Violation of Civil Right (42 U.S.C. § 1983, Deprivation of Liberty) as to Heidt and Ast (based on fabrication of evidence); (2) Violation of Civil Rights (42 U.S.C. § 1983, Malicious Prosecution) as to Heidt and Ast; (3) Violation of Civil Rights (42 U.S.C. § 1983, Conspiracy) as to Heidt and Ast; and (4) Violation of Civil Rights (42 U.S.C. §§ 1983, 1988, *Monell* Claim), as to the City and County (based only on custom and practice).

The gravamen of Plaintiff's complaint, as amended following the motion to dismiss, is the defendants wronged Plaintiff by fabricating evidence. Specifically, Plaintiff alleges Heidt and Ast provided witness Carolina Gonzales with Plaintiff's name, interviewed multiple witnesses who corroborated Plaintiff's alibi, identified another suspect with inside knowledge of the murder, knew the victim identified the other suspect by his nickname as the shooter, learned Gonzales correctly identified "John" rather than "Joel, and nevertheless forced Gonzales to testify against Plaintiff at his trial. Plaintiff contends the alleged fabrication of evidence caused him to suffer a constitutional deprivation, namely his 25-year incarceration.

The City Defendants prevailed on summary judgment as to the only claim alleged against the City (Violation of Civil Rights (42 U.S.C. §§ 1983, 1988, *Monell* Claim)), and as to one claim against Heidt (Violation of Civil Rights (42 U.S.C. § 1983, Malicious Prosecution)), but there are two remaining claims against Heidt, and his counterpart at the County, Ken Ast: (1) Violation of Civil Right (42 U.S.C. § 1983, Deprivation of Liberty) (based on fabrication of evidence); (2) Violation of Civil Rights (42 U.S.C. § 1983, Conspiracy).

Heidt and Ast appealed the denials of summary judgment on the two remaining claims. On June 16, 2020, Heidt filed his opening brief with the Ninth

Circuit. Ast filed his opening brief the same day. Heidt and Ast both argued, through their respective briefs, that the Court erred in denying qualified immunity.

### B. Facts Regarding Mediation And Terms of The Conditional Settlement Agreement

On June 19, 2020, the City Defendants and Alcox participated in a private mediation. Coverage counsel and representatives of three insurance carriers also attended the mediation. The County and Ast did not attend the mediation.

The mediation occurred remotely over two separate days. On June 19, 2020, the settling parties participated for approximately four hours of remote mediation. The second day, June 25, 2020, also encompassed a half day of mediation. Following the two remote mediation sessions, the mediator, Lisa Jaye, continued extensive settlement communications with the parties before the settling parties reached a tentative agreement in principal on June 26, 2020. The parties negotiated the settlement at arm's length. All parties' counsel of record agreed to the terms of the agreement.

On July 7, 2020, the Lompoc City Council approved the settlement.

At the time the settling parties reached their agreement, Heidt's appeal to the Ninth Circuit was pending. The settling parties, while each believing his legal position was correct, faced a great deal of uncertainty as to whether the Ninth Circuit would agree to qualified immunity's applicability in this factual scenario.

#### 1. Settling Parties

The parties to the settlement agreement are: Plaintiff Joel Alcox, and Defendants, the City of Lompoc and Harry Heidt.

#### 2. Basis Of Settlement

The terms of the settlement include a dismissal of all claims for relief identified in Plaintiff's Second Amended Complaint against the City of Lompoc and Harry Heidt.

### 3. Terms And Settlement Amount

In exchange for the payment of $2,000,000.00 by the City of Lompoc and a waiver of costs as to Defendant Harry Heidt, Plaintiff agrees to dismiss, with prejudice, and to fully release Defendants City of Lompoc and Harry Heidt from this action for any and all claims identified in the Second Amended Complaint and/or any and all claims for relief that are known or unknown against the settling Defendants. Each of the settling parties will bear their own attorneys' fees and costs in connection with this lawsuit.

Additionally, the settlement agreement is contingent upon a finding the settlement was made in good faith by this Court, and upon approval of the settlement from the Lompoc City Council. The terms of the settlement, as set forth above, are a fair and reasonable consideration for the compromise and release.

## III. LEGAL STANDARD

### A. The Settlement Satisfies the Procedural Requirements For Good Faith Settlement

California Code of Civil Procedure § 877 provides in pertinent part:

> Where a release, dismissal with or without prejudice, or a covenant not to sue or not to enforce judgment is given in good faith before verdict or judgment of one or more of a number of tortfeasors claimed to be liable for the same tort, or to one or more other co-obligors mutually subject to contribution rights, it shall have the following effect. (b) It shall discharge the party to whom it is given from all liability for any contribution to any other parties.

C.C.P. § 887.

Further, California Code of Civil Procedure § 877.6 (a)(1) provides in pertinent part:

> Any party to an action in which it is alleged that two or more parties are joint tortfeasors . . . shall be entitled to a hearing on the issue of good faith of a settlement entered into by the plaintiff or other claimant and one or more alleged tortfeasors.

C.C.P. § 877.6

A court may determine a settlement was made in good faith on the basis of the affidavits and counter affidavits. C.C.P. § 877.6(b). Any party that claims the

settlement was not made in good faith bears the burden of proof on that issue. See C.C.P. § 877.6(d); See also *Erreca's v. Superior Court*, 19 Cal.App.4th 1475, 1495-96 (1993).

### B. Standard For Establishing Good Faith Settlements

"A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." California Code of Civil Procedure § 877.6(c). The court will determine that a settlement is in "good faith" when the settlement is "within the reasonable range of the settling tortfeasor's proportional share of comparative liability for the plaintiff's injuries." *Tech-Bilt, Inc. v. Woodwari Clvde & Associates*, 38 Cal.3d 488, 499 (1985).

In determining whether or not a settlement is in good faith, the Court should weigh various factors: "(1) a rough approximation of plaintiff's probable total recoveries; (2) a rough approximation of Defendants' proportional liability; (3) the amount paid in settlement and the allocation of settlement proceeds among plaintiffs; (4) the recognition that less is paid in settlement than should be awarded at trial; (5) the financial conditions and insurance policy limits of settling defendants; and (6) the existence of collusion, fraud, or tortious conduct aimed to injure the interest of non-settling defendants." *Yanez v. United States*, 989 F.2d 323, 328 (9th Cir. 1993) (citing *Tech Bilt*, 38 Cal.3d at 499-500). As long as the settlement is not so far "out of the ballpark" in relation to these factors, the settlement will be determined to be in good faith within the terms of C.C.P. § 887.6. *Tech-Bilt, Inc*, 38 Cal.3d at 499-500.

Here, these factors weigh in favor of a good faith settlement determination. As noted above, Plaintiff has only two remaining claims against the individual defendant, Heidt – for fabrication of evidence and conspiracy. Through his appeal,

1 Heidt argued he is entitled to qualified immunity on each of the remaining claims.
2 There is no evidence Heidt knowingly violated a constitutional right that was clearly
3 established in 1986. *Robinson v. York*, 566 F.3d 817, 821 (9th Cir. 2009). The case
4 this Court and Plaintiff relied on to overcome qualified immunity – *Simmons v.
5 United States*, 390 U.S. 377 (1968) – set forth a suspect's constitutional rights with
6 respect to a photographic lineup. There is no evidence Heidt ever presented a
7 photographic lineup including Plaintiff to Ms. Gonzales. Ms. Gonzales never stated
8 under oath or otherwise that Heidt showed her any photographs of Plaintiff. The
9 transcribed and recorded interview confirm Heidt did not show Ms. Gonzales a
10 photograph or lineup including Plaintiff. The Court accepted it as undisputed Heidt
11 did not show Gonzales a photograph of Plaintiff. Thus, the clearly established laws
12 relating to photographic lineups could not have put Heidt on notice that his
13 interview of Ms. Gonzales in 1986, with no photographic lineup, violated Plaintiff's
14 constitutional rights. Heidt's appeal thus argued he is entitled to qualified immunity.

15 Heidt believes his appeal sets forth the correct legal standard. However, the
16 City Defendants recognize the risk if the Ninth Circuit does not agree with Heidt.
17 Wrongful incarceration claims have a wide range of verdicts, from several hundred
18 thousand (see, e.g., *Shipp v. United States,* Central District of California, 2003
19 ($850,000)), to several million (see, e.g., *Atkins v. Riverside County*, Central District
20 of California, 2007 ($2,000,000); *Goldstein v. City of Long Beach*, Central District
21 of California, 2010 ($7,950,000). A key distinguishing factor between the larger
22 verdicts and the present case is that the plaintiff in the cases with the larger verdicts
23 has always been found innocent. Plaintiff here has never been found to be factually
24 innocent.

25 The settlement between Alcox and the City Defendants thus adequately
26 accounts for the risk to both parties – for Alcox, the risk of losing at the Ninth
27 Circuit, and for the City Defendants, the risk of a larger adverse verdict.
28 Additionally, and importantly, the settlement accounts for the financial

position of the defendant and the insurance coverage issues. The City of Lompoc has very little cash in reserves, and an insufficient amount to satisfy any significant adverse judgment. There are also significant issues relating to insurance coverage for the City. The insurer whose policies were in effect at the time of Plaintiff's interrogation, first incarceration, and trials has been liquidated and is no longer available to provide policy benefits. Subsequent to that insurer, the City acquired municipal liability coverage from three different carriers. Each insurer had denied defense and indemnity for the claims. However, through Ms. Jaye's efforts at mediation, the parties were able to reach this settlement agreement that would allow the settlement to be funded by the insurers, thereby insulating Plaintiff from the risk of obtaining a non-collectible large verdict.

Finally, there has been no fraud, collusion, or tortious conduct to injure any non-settling party. The County and Ast declined to participate in settlement discussions beyond the first settlement conference, and declined to participate in the private mediation. Ast's appeal remains pending.

Pursuant to Code of Civil Procedure § 877.6, subdivision (a)(2), the City Defendants served all parties with Notice, Motion, and Proposed Order. See Declaration of Alison Bernal. The parties have a period of 25 days from the service of this Notice within which to file a Notice of Motion to Contest the Good Faith of the Settlement. If no non-settling party to the action files a motion within 25 days, then the Court may approve the settlement. The City Defendants believe the County Defendants will not file a motion contesting.

Based on the above, the settlement between Plaintiff and the City Defendants, has been made in good faith and this motion should be approved.

## V.   CONCLUSION

For the foregoing reasons, Defendants City of Lompoc and Harry Heidt respectfully request this Court grant this motion for determination of good faith, and that any pending and future claims against them for equitable comparative

10

MOTION FOR GOOD FAITH SETTLEMENT                      Case No. 5:17-cv-00507-JVS-AJW

contribution and/or indemnity or for total, partial, and comparative indemnity and/or contribution are dismissed with prejudice and forever barred pursuant to California Code of Civil Procedure § 887.6.

Dated: August 10, 2020        NYE, STIRLING, HALE & MILLER, LLP

By:   */S/ Jonathan D. Miller*
      Jonathan D. Miller, Esq.
      Alison M. Bernal, Esq.
      Attorney for Defendants, THE CITY OF LOMPOC and HARRY HEIDT